L. CHARLES WRIGHT, Retired Appellate Judge.
Following a hearing, the court terminated the parental rights of Jerry Fowler and *1330 Carol Fowler Glasglow in their minor children, Nicole Fowler, age six, and Stephanie Fowler, age five. The court denied the petition for custody filed by Kathleen and J.A. Shackelford, the maternal grandmother and her husband. Permanent custody was granted to the Department of Human Resources (DHR) with leave to place the children for adoption. The Shackelfords appeal.
The issue presented is whether there was sufficient evidence to support the trial court’s denial of the Shackelfords’ petition for custody of Mrs. Shackelford’s granddaughters. It is undisputed that the parental rights of Jerry Fowler and Carol Fowler Glasglow should have been terminated.
After the court has made the determination to terminate the parental rights, it has two alternatives. The court may award permanent legal custody to DHR or other child-placing agency or it may award permanent legal custody to a relative of the child or other individual. Section 26-18-8, Ala.Code 1975. Our only inquiry in this case is whether the trial court erred when it denied the Shackelfords’ petition for custody and awarded permanent legal custody to DHR.
The primary consideration in cases pertaining to custody of a child is what would be in the best interests of that child. Melton v. State Department of Pensions & Security, 448 So.2d 392 (Ala.Civ.App.1984). When determining what would be in the best interests of the child, the court must consider whether an individual seeking custody is physically, financially, and mentally able to care for the child. In the Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App.1984).
The Shackelfords appeared at and participated in the dispositional phase of the termination hearing. At the conclusion of the hearing, the trial judge stated, in pertinent part:
“And Mr. and Mrs. Shackelford, as a father of a handicapped child, I know exactly what you’re talking about when you say it takes a lot of love and care to get through that and I admire you and I commend you for the job you’ve done with James and I know it hasn’t been easy and I understand that to me that demonstrates the fact that you can be capable parents.”
However, he awarded permanent legal custody of the two minor children to DHR.
Our review of the record reveals that the Shackelfords have been married since 1971 and have a fourteen-year-old adopted son, James, who is mentally retarded. James is Mrs. Shackelford’s natural grandson, and the Shackelfords have cared for him since birth. James has a brain tumor and is blind, and his life expectancy is short.
The evidence reveals that not only do the Shackelfords have the financial means to care for Nicole and Stephanie, they also want the children and are willing to provide the love and understanding that the children require. There was ample testimony by various witnesses that the Shackelfords would be good custodians and have demonstrated stability in their care of James. The record reveals that Mrs. Shackelford contacted DHR regarding visitation with the children.
At the conclusion of the hearing, the court did not find that the Shackelfords would be unfit custodians. In fact, the trial judge’s only concern was expressed as follows:
“Mr. and Mrs. Shackelford, I’m ... I’m afraid that with James you do have your hands full. I understand that_ I can understand that it would be a handful and I’m not sure ... again while I don’t doubt ... I don’t doubt your love and interest in the girls at all ... in fact I'm convinced of it, I’m not sure that in the long run that everything would work out as well.”
Based upon our review of the record, we fail to find sufficient evidence to support the trial court’s denial of the Shackelfords’ petition for custody of Mrs. Shackelford’s granddaughters. Consequently, we reverse that portion of the trial court’s order awarding permanent legal custody to DHR and remand to the trial court for the issuance of an order not inconsistent with this opinion. We recognize that the trial *1331 court has the right of continuing supervision during the minority of these children.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.